

# NUMBER 13-20-00328-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

ROBERT AGUILAR,                                                            Appellant,

v.

THE STATE OF TEXAS,                                                       Appellee.

### On appeal from the 117th District Court
### of Nueces County, Texas.

## MEMORANDUM OPINION

**Before Chief Justice Contreras and Justices Benavides and Tijerina**
**Memorandum Opinion by Justice Tijerina**

Appellant Robert Aguilar entered a plea agreement and pleaded guilty to possession of a controlled substance, namely cocaine, with intent to deliver in an amount of four grams or more but less than 200 grams, a second-degree felony. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.112. The trial court sentenced him to twenty years' imprisonment. Appellant's court-appointed attorney filed an *Anders* brief. *See Anders v.*

*California*, 386 U.S. 738, 744 (1967). We affirm the judgment.

## I.    *ANDERS* BRIEF

Pursuant to *Anders v. California*, appellant's court-appointed appellate counsel filed *Anders* brief and a motion to withdraw as counsel with this Court, stating that his review of the records yielded no grounds of reversible error upon which appeals can be predicated. *See id.* Counsel's brief meets the requirements of *Anders,* as it presents a thorough, professional evaluation of the record showing why there are no arguable grounds to advance on appeal. *See In re Schulman*, 252 S.W.3d 403, 406 n.9 (Tex. Crim. App. 2008) (orig. proceeding) ("In Texas, an *Anders* brief need not specifically advance 'arguable' points of error if counsel finds none, but it must provide record references to the facts and procedural history and set out pertinent legal authorities." (citing *Hawkins v. State*, 112 S.W.3d 340, 343–44 (Tex. App.—Corpus Christi–Edinburg 2003, no pet.))); *Stafford v. State*, 813 S.W.2d 503, 510 n.3 (Tex. Crim. App. 1991).

In compliance with *High v. State*, 573 S.W.2d 807, 813 (Tex. Crim. App. [Panel Op.] 1978) and *Kelly v. State*, 436 S.W.3d 313, 319–22 (Tex. Crim. App. 2014), appellant's counsel carefully discussed why, under controlling authority, there is no reversible error in the trial court's judgment. Appellant's counsel also informed this Court that appellant has been: (1) notified that counsel has filed an *Anders* brief and a motion to withdraw; (2) provided with copies of the pleadings; (3) informed of his rights to file a pro se responses, review the record preparatory to filing those responses, and seek discretionary review if we conclude that the appeal is frivolous; and (4) provided with a form motion for pro se access to the appellate record with instructions to file the motion

2

within ten days. *See Anders*, 386 U.S. at 744; *Kelly*, 436 S.W.3d at 319–20; *Stafford*, 813 S.W.2d at 510 n.3; *see also In re Schulman*, 252 S.W.3d at 409 n.23.

## II.     INDEPENDENT REVIEW

Upon receiving an *Anders* brief, we must conduct a full examination of all the proceedings to determine whether the case is wholly frivolous. *Penson v. Ohio*, 488 U.S. 75, 80 (1988). We have reviewed the record and counsel's brief, and we have found nothing that would arguably support an appeal. *See Bledsoe v. State*, 178 S.W.3d 824, 827–28 (Tex. Crim. App. 2005) ("Due to the nature of *Anders* briefs, by indicating in the opinion it considered the issues raised in the brief and reviewed the record for reversible error but found none, the court of appeals met the requirements of Texas Rule of Appellate Procedure 47.1."); *Stafford*, 813 S.W.2d at 509.

## III.     MOTION TO WITHDRAW

In accordance with *Anders*, appellant's attorney has asked this Court for permission to withdraw as counsel. *See Anders*, 386 U.S. at 744; *see also In re Schulman*, 252 S.W.3d at 408 n.17 (citing *Jeffery v. State*, 903 S.W.2d 776, 779–80 (Tex. App.—Dallas 1995, no pet.) ("[I]f an attorney believes the appeal is frivolous, he must withdraw from representing the appellant. To withdraw from representation, the appointed attorney must file a motion to withdraw accompanied by a brief showing the appellate court that the appeal is frivolous.") (citations omitted)). We grant counsel's motion to withdraw. Within five days of the date of this Court's opinion, counsel is ordered to send a copy of this opinion and this Court's judgment to appellant and to advise him of his right to file a

3

petition for discretionary review.[1]  *See* TEX. R. APP. P. 48.4; *see also In re Schulman*, 252

S.W.3d at 411 n.35; *Ex parte Owens*, 206 S.W.3d 670, 673 (Tex. Crim. App. 2006).

## IV.    CONCLUSION

We affirm the trial court's judgment in appellate cause number 13-20-00328-CR.


JAIME TIJERINA
Justice

Do not publish.
TEX. R. APP. P. 47.2 (b).

Delivered and filed on the
28th day of April, 2022.

---

[1] No substitute counsel will be appointed. Should appellant wish to seek further review of this case by the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition for discretionary review or file a pro se petition for discretionary review. Any petition for discretionary review must be filed within thirty days from the date of either this opinion or the last timely motion for rehearing or timely motion for en banc reconsideration that was overruled by this Court. *See* TEX. R. APP. P. 68.2. Any petition for discretionary review must be filed with the clerk of the Court of Criminal Appeals, *see id.* R. 68.3. Any petition for review should comply with the requirements of Texas Rule of Appellate Procedure 68.4. *See id.* R. 68.4.